UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RICKEY GEORGE                          CIVIL ACTION 07-1265

VERSUS                                 U.S. DISTRICT JUDGE DEE DRELL

DOLGENCORP, INC.
                                       U.S. MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 8**, referred to me by the district judge for report and recommendation.

This is a suit in which plaintiff claims injuries due to a slip and fall accident in defendant's store. Suit was filed in state court in Avoyelles Parish and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that this court has jurisdiction "in that plaintiff's petition, paragraph IV with particular emphasis as to hedonic damages being alleged by the plaintiff, indicate (sic) that damages will exceed the federal jurisdictional amount exclusive of interest and cost (sic)...".[1]

---

[1] Similar language, complete with grammatical errors, has appeared in several other suits by defendant's attorneys in this court. See, e.g. Murray v. Oliver, 5-1964; Chambers v. Ryan's Family Steak Houses, Inc., 05-1854.. Undeterred by this court's observations, and apparently unwilling even to correct the grammatical errors in its boilerplate notice of removal, defendant's counsel persists once again in attempting to remove a suit to this court without following relevant

Plaintiff moves to remand asserting that defendants have failed in their burden to prove jurisdiction. Defendant argues that the petition shows that the amount in dispute exceeds the jurisdictional limits of this court because of the nature of the damages sought by plaintiff. Plaintiff asks for past, present, and future mental pain and suffering, past, present and future medical expenses and lost wages, and "loss of enjoyment of life/hedonic damages"

### Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the

---

5th Circuit precedent requiring it to support its removal.

amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however,  cite to a state statute for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally

do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,  (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages.

It is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

Defendants produced no medical or other evidence in support of their petition for removal, relying instead on plaintiff's

4

failure to agree to a stipulation as to damages and his failure to specifically state, as required by Louisiana Code of Civil Procedure Art. 893, whether his damages are sufficient for federal jurisdiction to attach.

Defendants had no evidence whatsoever upon which to base removal of this case. Further, defendants have not produced any evidence in support of removal.  As defendants have failed in their burden to show by a preponderance of the evidence that the amount in dispute meets the jurisdictional requisites of this court, the motion to remand should be granted.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand be GRANTED.

Further, because defendant's attorneys continue to attempt to remove cases to this court relying on their boilerplate notice of removal form and no support for federal jurisdiction, SANCTIONS AND ATTORNEY FEES are appropriate, in an amount to be determined the district judge.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or

5

response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE