U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **RICKEY GEORGE** | **CIVIL ACTION NO. 07-1265** |
| -vs- | **JUDGE DRELL** |
| **DOLGENCORP, INC.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Before the Court is the plaintiff's motion to remand (Doc. 8). We have received the report and recommendation of the magistrate judge (Doc. 16) and have independently reviewed the record, including the objections filed by the defendant. With the sole modification that we decline to impose sanctions at this time, we have determined that the findings and recommendation are correct under the applicable law. Accordingly, we remand.

We reiterate that the defendant has failed to satisfy his burden of showing that the amount in controversy exceeds the jurisdictional floor. This burden is unaffected by the plaintiff's failure to comply with La. Code Civ. Proc. art. 893, because compliance would not require the plaintiff to assert a specific amount in controversy, only an opinion as to federal jurisdiction. The plaintiff's statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider, for "a party may neither consent to nor waive federal

subject matter jurisdiction." <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850 (5th Cir. 1999).

Instead of pointing to specific facts which show that the amount in controversy exceeds the jurisdictional floor of $75,000, the defendants point to Paragraph IV of the petition, which reads in full:

> As a result of the [slip-and-fall] accident described hereinabove, RICKEY GEORGE, sustained injuries, entitling him to damages, general and special, as are reasonable in the premises. Such damages include the following: (1) past, present, and future mental pain and suffering, (3) [sic] past, present, and future medical expenses, (4) lost wages, past, present, and future, and (5) loss of enjoyment of life/hedonic damages.

(Doc. 1-2, pp. 1-2). This is the **full extent** of the evidence that the defendant has presented.

We find that <u>Simon</u> controls in this case. In <u>Simon</u>, as in this case, the defendant "merely alleged in a conclusional manner that the amount in controversy exceeded the jurisdictional amount. Accordingly, removal was proper only if the jurisdictional amount was 'facially apparent' from the complaint." <u>Simon</u>, 193 F.3d at 850. In <u>Simon</u>, the petition

> alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for [the plaintiff], plus loss of consortium for [her husband]. It did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction.

<u>Id.</u> at 851.

In the instant case, although the plaintiff has alleged emotional distress and hedonic damages, there is <u>nothing</u> on the face of the complaint to indicate that the injury allegedly suffered by the plaintiff here is anything more than slight, based on the nature of the accident—a classic slip-and-fall—and the absence of allegations of specific injuries. The injury might be a simple sprain, in which case all damages, including pain and suffering and hedonic damages, would be slight; or the injury might be severe, in which case the damages would exceed the jurisdictional floor. In any event, however, there is no way to determine this from the face of the complaint. Because the defendant has submitted no evidence other than the complaint itself, we must conclude that removal was improper.

As a final note, although we decline to impose sanctions against the defendant's counsel at this time, the decision is a close one. Counsel are advised that the Court's patience with mere conclusory allegations of jurisdiction from form removal documents, unsupported by any evidence outside of the petition, is quickly running out.

A judgment in accord with this ruling will issue separately.

SIGNED on this 4 day of January, 2008 at Alexandria, Louisiana.

                    DEE D. DRELL
                  UNITED STATES DISTRICT JUDGE